UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

WILLIAM ALLEN,

        Petitioner,

     -v-                                  No.  09 CV 5832-LTS

JAMES J. WALSH,

        Respondent.

-------------------------------------------------------x

Order

        The Court has received the attached letter from pro se Petitioner William Allen dated August 18, 2020, providing a "status report" on his October 2012 and December 2018 CPL 440 motions pending in New York State Supreme Court, Bronx County (respectively, the "October 2012 Motion" and "December 2018 Motion").  In his letter, Mr. Allen states that his October 2012 Motion was lost, and therefore he did not receive a decision on that motion.  With respect to his December 2018 Motion, Mr. Allen states that he has not yet received any decision, despite requesting the decision from the Bronx County Clerk's Office.  Accordingly, Mr. Allen asks the Court to help him either by obtaining a copy of the decision on his December 2018 Motion or, in the alternative, to "step[ing] in and dismiss[ing] [Mr. Allen's] 1983 conviction"[1] so that Mr. Allen can pursue his habeas petition in this Court pursuant to 28 U.S.C. section 2254 (docket entry no. 1, the "Petition").

---

[1]     It appears that a state conviction rendered in 1983 was a predicate for Mr. Allen's treatment as a repeat offender in connection with the conviction he challenges in his pending habeas corpus petition, and that the 440.30 motion practice for which the pending petition has been held in abeyance relates to the 1983 conviction.

This Court cannot give Mr. Allen advice about state court procedures, not can it intervene for him with the state court.  However, the Court suggests that Mr. Allen contact the Office of Court Administration at the Bronx Supreme Court regarding his effort to retrieve the decision on his December 2018 Motion.  Mr. Allen may write to the Office of Court Administration at 265 East 161st Street, Bronx, NY, 10451.  Nor does this Court have any power to summarily dismiss Mr. Allen's 1983 state conviction.

Mr. Allen's Petition has now been held in abeyance for over ten years.  (See docket entry no. 9.)  In light of this significant passage of time during which Mr. Allen has been pursuing his CPL 440 motions in state court, the Court directs Mr. Allen to file a letter by January 1, 2021, stating whether Mr. Allen would like the Court to continue to hold the Petition in abeyance, or move forward with considering his Petition on the merits.

SO ORDERED.

Dated: New York, New York
October 6, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:
William Allen
03-A-4303
Sullivan Correctional Facility
P.O. Box 116
325 Riverside Drive
Fallsburg, NY 12733

August 18, 2020

Mr. William M. Allen Jr., #03A4303
Sullivan Correctional Facility
P.O. Box 116, Loc. AN/236
Fallsburg, NY 12733-0116

United States District Court
Hon. Laura Taylor Swain
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Allen v. Walsh
09-CV-5832 LTS

Petitioner's Status Report

Dear Judge Taylor Swain:

Petitioner has done exactly what your Honor's Court has ordered (2/28/20) me to do. Petitioner has contacted Ms. Jan Hoth and through certified mail correspondence on March 16, 2020 and received a response letter from her (Ms. Hoth) in April of 2020. Enclosed is a copy of petitioner's letter to Ms. Hoth as well as a copy of Ms. Hoth's response. Please note: That because of the coronavirus and the Supreme Court Bronx County Courts being closed petitioner having no choice but to patiently wait for the Clerk's Office in the Bronx County to response to petitioner's March 16, 2020 letter requesting a copy of any decision that Judge Simpson would have rendered in relation to petitioner's pro se CPL 440.30 motion. Therefore, the reason why petitioner did not send Jan Hoth response letter in to your Honor's Court immediately was because petitioner was waiting for said response letter from the Clerk's Office in the Bronx County.

(1)

Ms. Hoth makes it crystal clear in her response letter to me that the District Attorney's Office has never responded in writing to the CPL 440.30 motion that she had filed on my behalf in October of 2012. Ms. Hoth also informed me in said response letter that the court (Judge Massero) had never respond to said CPL 440.30 motion in writing, therefore, this petitioner has never received a written decision from the court on said October of 2012 CPL 440.30 motion which by the way was actually lost (said 440.30) by the court. Also, enclosed is a copy of an August 11, 2020 response letter that petitioner had sent certified mail to Ms. Hoth, responding to Ms. Hoth April, 2020 letter.

Petitioner has also sent a certified mailed letter [on March 16, 2020] to the Clerk's Office, Supreme Court, Bronx County as ordered by your Honor's Court. The Bronx County Supreme Court has been closed down for the most part on or about March 22, 2020 because of the COVID - 19 outbreak, please see enclosed "Press Notice, New Courthouse Procedures". Also, enclosed is a copy of said March 16, 2020 certified mailed letter to the Clerk's Office, Supreme Court Bronx County. Until this day petitioner has not received any response from the clerk's office, but in late July of 2020 petitioner did finally received the "Return Receipt for Merchandise" signed by someone with the postage stamped "02 Jul 20 enclosed is a copy of this receipt.

Under FOIL petitioner had made a request to the Inmate Records Coordinator for "... a copy of my signing for any legal mail received by this facility from the Bronx County Supreme Court in December of 2018 and I would also like a copy of my signing for legal mail from the Office of the District Attorney Bronx County on January 2, 2019, which I did receive and signed for." Ms. Tanya Pomeroy, Inmate Records Coordinator II/FOIL Officer, Sullivan Correctional Facility, had sent petitioner the copies that this petitioner had requested but when you look at said copies there is absolutely nothing from the Bronx County Supreme Court. Even though Ms. Pomeroy had mistakenly in her response Letter stated to petitioner that "... request for legal mail logbook for December 2018 January 2, 2019 showing legal mail received by the Bronx County Supreme Court and Bronx County District Attorney's Office, respectively". But, when petitioner received said copies of legal mail logbook information the dates and places received from were stated as such, "Monday 12-17-18, Allen 03A4303, ADA

T C Won Bronx County, and Wednesday 1-2-19, Allen 03A4303, DA Bronx County ..." Enclosed is a copy of these quoted dates that Ms. Pomeroy had sent this petitioner's as well as a copy of her (Ms. Pomeroy) a over letter attached to said legal mail logbook copies. And, a copy of petitioner's letter to the Inmate Record Coordinator making a request under FOIL for said legal mail logbook copies. Please note: Nothing ever came from the Clerk' Office Bronx County.

Petitioner's point is, that I never received any decision from the Clerk's Office in the Bronx County in December of 2018 the only mail that this petitioner received in December of 2018 was a copy of ADA T C Won's letter dated December 12, 2018 requesting an extension of time to Judge Shawndya L. Simpson and/or a two week adjournment in order to file the District Attorney's Office response to petitioner's pro se CPL 440.30 motion. Enclosed is a copy of ADA T. Charles Won December 12, 2018 letter that petitioner signed for in this facility's legal mail logbook on December 17, 2018. And, what petitioner signed for on Wednesday January 2, 2019 was petitioner's copy of the People's response motion "Affirmation In Opposition" that ADA T. Charles Won did dated December 28, 2018. Which petitioner has already sent a copy of said response motion to your honor's court on February 26, 2019, enclosed is a copy of said February 26, 2019 letter.

Your Honor, again the Clerk's Office in the Bronx County has told this Court that a decision was issued with respect to a September 2018 motion in December 2018. Again, this filed said pro se CPL 440.30 motion was actually sent certified mail to the Bronx County Supreme Court on July 25, 2018, but either way if it took the Clerk's Office two (2) month to calendar and/or file petitioner's pro se CPL 440.30 motion then this petitioner has no control over what the Supreme Court, Bronx County Clerk's Office does when it came down to filing petitioner's pro se motion. But, what petitioner does know for a fact is that I have never received any decision from the Bronx County Supreme Courts, the Bronx County Supreme Court Clerk's Office, or even from the Bronx County District Attorney's Office and it's been two (2) years since I have filed said pro se CPL 440.30 motion in the Bronx County, Supreme Court.

(3)

So, petitioner  is once again obligated, therefore, using due diligence in trying to get a decision from Judge L. Simpson in relation to petitioner's pro se CPL 440.30 motion. Judge Taylor Swain there should have been a decision especially since ADA T. Charles Won had filed an "Affirmation In Opposition" in response to said pro se CPL 440.30 motion. And, I have been asking the Court (Judge Shawndaya L. Simpson) for a decision since August 25, 2019 certified mail and yet petitioner has never received any response nor a decision from Judge Simpson, enclosed is a copy of said August 25, 2019 update status report complaining to your Honor about getting no decision and no response from Judge Simpson's Court in relation to said pro se CPL 440.30 motion, therefore, seeking guidence and help from your Honor's Court. Please note: normally the District Attorney's Office even sends a copy of the Court's decision as a courtesy, but not this time.

The Clerk's Office in the Bronx County appears to have refused to response to petitioner's March 16, 2020 letter respectfully requesting the decision from Judge Simpson's Court and Judge Simpson's Court has refused to respond to petitioner's August 25, 2019 letter respectfully requesting a decision from petitioner's pro se CPL 440.30 motion and ADA T. Charles Won response "Affirmation and Opposition" motion. [Since the Clerk's Office in the Bronx County has informed your Honor's Court that a decision was rendered in December of 2018]. Judge Taylor Swain, again which Court can this petitioner appeal to in order to get Judge Simpson's decision, so that this petitioner can excercise petitioner's constitutional right to appeal Judge Simpson's decision. Which will, therefore, allow this petitioner to finally get to moving on with petit- ioner's appeal process under USC 2254. Because said USC 2254 has been held in abeyance for ten (10) plus years now.

Or in the alternate, and most importantly because Judge Massero never issued a decision on petitioner's CPL 440.30 motion that Ms. Jan Hoth filed on petitioner's behalf, and The Bronx County District Attorney's Office did not respond to said CPL 440.30 motion with a "Affirmation In Opposition" motion. This petitioner was denied his constitutional and statutory rights to appeal said CPL 440.30 motion, which petitioner is asking this Court to step in and dismiss petitioner's 1983 conviction in the interest of justice since the Bronx Borough Property Clerk's Office said that they had lost the DNA evidence in my 1983 case to convict this petitioner. Please note: that said 1983 case was in fact reversed by the Appellate Division First Judicial Department on a clear

(4)

cut identification issue.

Please note: As your Honor can see the December 12, 2018 letter that petitioner received and signed for on 12-17-18 the envelope is postage stamped Dec. 13. 2018 from the "Office of the District Attorney, Bronx County Bronx, N.Y. 10451 ADA T. Charles Won". Again, with said letter requesting for a two week adjournment from ADA Won.

Inclosing petitioner had sent your Honor copies of petitioner's March 16, 2020 letters to Ms. Jan Hoth and the Clerk's Office in the Bronx County certi-fed mail. Even though petitioner has included said March 16, 2020 as exhibits in this September 1, 2020 update status report.

Whereupon, petitioner is proceeding pro se it is respectfully requested that I be afforded "liberal construction" upon the proceedings and not be held to the same standards as that of a licensed and practicing attorney, and that my updated status report be liberally read and interpreted to raise the strong-est arguments they suggest pursuant to the authority of Burgos v. Hopkins, 14 F. 3d 787, 790 [2nd Cir. 1994] (according, Elliot v. Brosom, 872 F. 2d 20, 21-22 2nd Cir. 1989]); also, see: Haines v. Kerner, 404 U.S. 519 (1972).

Respectfully submitted,

William M. Allen, Jr.
William M. Allen Jr. pro se

(5)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

WILLIAM ALLEN,

        Petitioner,

    -v-                              No. 09 CV 5832-LTS

JAMES J. WALSH,

        Respondent.

--------------------------------------------------------x

## ORDER

            The Court has received a letter from pro se Petitioner William Allen dated

February 14, 2020, providing a "status report" on his CPL 440 motions pending in New York

State Supreme Court, Bronx County. (See Docket Entry No. 39.) In his letter, Mr. Allen states

that he has not yet received decisions with regards to his motions filed in October 2012 and July

2018, in his state actions. (Id.) Mr. Allen asks this Court for help in inquiring about the status of

these pending motions. (Id.)

            With regard to the status of Mr. Allen's October 2012 motion, the Court has

contacted Ms. Jan Hoth, Mr. Allen's attorney in his state court action, who has indicated that she

can provide Mr. Allen with the information he seeks. Therefore, the Court directs Mr. Allen to

contact Ms. Hoth to inquire about the status of his October 2012 motion.

            The Court has also contacted the Clerk's Office in the Bronx County to inquire

about the status of Mr. Allen's July 2018 motion. The Court was informed that a decision was

issued with respect to a September 2018 motion in December 2018. For further information, Mr.

Allen should contact the Clerk's Office of New York State Supreme Court, Bronx County.


SO ORDERED.

Dated: New York, New York
   February 28, 2020

           /s/ Laura Taylor Swain
           LAURA TAYLOR SWAIN
           United States District Judge

Copy mailed to:
William Allen
03-A-4303
Sullivan Correctional Facility
P.O. Box 116
325 Riverside Drive
Fallsburg, NY 12733



# PRESS NOTICE

New York State
Unified Court System

Hon. Paula L. Feroleto
Administrative Judge

Contact:   Andrew B. Isenberg
Telephone: 716-845-2506

For Immediate Release:
March 17, 2020

## NEW COURTHOUSE PROCEDURES

Be advised that pursuant to Administrative Judicial Order of the New York State Unified Court System, the Courts of New York State have postponed all non-essential functions until further notice. For all Court Outside of New York City, Court matters in each county will be condensed into one location where only ESSENTIAL cases will be heard. A complete listing of courthouse facilities where ESSENTIAL cases will be heard is attached to this media release.

In the Eighth Judicial District, in the absence of approval by the Administrative Judge, Hon. Paula L. Feroleto, other than after hours arraignments, no court matters or court business will be conducted in any court facility other than a facility listed on Exhibit A. Only ESSENTIAL court matters will be heard in these facilities. After hour criminal court arraignments and applications for emergency orders of protection will be conducted in the appropriate jurisdictional city, town or village justice court facility. Chautauqua County and Niagara County after hour arraignments will be conducted in their respective Centralized Arraignment Parts.

Effective immediately, in the absence of further Court Order, in all Counties of the Eighth Judicial District:

1.    All pending criminal court proceedings for defendants who have been arraigned and released on their own recognizance are administratively adjourned until a date on or April 30, 2020. For Defendants who have been arraigned and are in custody, all pending criminal court matters are adjourned until on or after April 15, 202. Defendants will receive new notices of their future scheduled court dates.

2.    All criminal court matters scheduled to be heard for arraignments on criminal court appearance tickets in any city, town and village justice court are administratively adjourned until a date on or after April 30, 2020. Defendants will be notified of future court dates.

ADMINISTRATIVE ORDER OF THE
CHIEF ADMINISTRATIVE JUDGE OF THE COURTS

Pursuant to the authority vested in me, in light of the emergency circumstances caused by the continuing COVID-19 outbreak in New York State and the nation, and consistent with the Governor of New York's recent executive order suspending statutes of limitation in legal matters, I direct that, effective immediately and until further order, no papers shall be accepted for filing by a county clerk or a court in any matter of a type not included on the list of essential matters attached as Exh. A.  This directive applies to both paper and electronic filings.

_____
Chief Administrative Judge of the Courts

Dated: March 22, 2020

AO/78/20

Essential Proceedings
Administrative Order AO/78/20
March 22, 2020

A.    Criminal matters
1. arraignments
2. bail applications, reviews and writs
3. temporary orders of protection
4. resentencing of retained and incarcerated defendants
5. essential sex offender registration act (SORA) matters

B.    Family Court
1. child protection intake cases involving removal applications
2. newly filed juvenile delinquency intake cases involving remand placement
       applications, or modification thereof
3. emergency family offense petitions/temporary orders of protection
4. orders to show cause
5. stipulations on submission

C.    Supreme Court
1. Mental Hygiene Law (MHL) applications and hearings addressing patient retention or
       release
2. MHL hearings addressing the involuntary administration of medication and other
       medical care
3. newly filed MHL applications for an assisted outpatient treatment (AOT) plan
4. emergency applications in guardianship matters
5. temporary orders of protection (including but not limited to matters involving
domestic violence)
6. emergency applications related to the coronavirus
7. emergency Election Law applications
8. extreme risk protection orders (ERPO)

D.    Civil/Housing matters
1. applications addressing landlord lockouts (including reductions in essential services)
2. applications addressing serious code violations
3. applications addressing serious repair orders
4. applications for post-eviction relief

E.    All Courts
1. any other matter that the court deems essential

This list of essential proceedings is subject to ongoing review and amendment as
necessary.

March 16, 2020

Mr. William M. Allen Jr., #03A4303
Sullivan Correctional Facility
P.O. Box 116, Loc. AN/137
Fallsburg, New York  12733-0116


Jan Hoth, Esq.
Center for Appellate Litigation
120 Wall Street — 28th Floor
New York,  NY  10005

　　　　　　　　　　　　Re:  <u>People v. William Allen</u>
　　　　　　　　　　　　　　　<u>Ind. No. 623/1983</u>


Dear Ms. Hoth:

　　　I know that you have not heared from me in a number of years now, but I do
hope that all is well with you as for me I'm good still fighting my case.  The
reason I am reaching out to you is that I was <u>Ordered</u> to do so by my Federal
Judge enclosed is a copy of said <u>Order</u> dated February 28, 2020.

　　　In my February 14, 2020 "Petitioner's Status Report" I had a number of
complaints to Judge Laura Taylor Swain as well as about the years [approx. eight]
that the Judges have allowed the Office of the District Attorney Bronx County
to take so many unnecessary years to respond to the CPL 440.30 motion that you
had filed with the Bronx County Supreme Court on my behalf in October of 2012,
as well as the pro se CPL 440.30 that I filed with the same Court (Building) on
July 25, 2018.

　　　As I expressed to Judge Taylor Swain I have yet to receive a decision from
the Court for any of said CPL 440.30 motions, again which has been almost eight
years as my pro se federal habeas corpus under USC Section 2254 has still been
held in abeyance since June of 2010.  Let alone the fact that you had informed

(1)

me in your March 19, 2018 and May 3, 2018 letters that the Court had actually lost said CPL 440.30 motion that you had filed on my behalf, so how can I get a fair decision or any decision from the Court under this kind of unusual circumstance? Not to mention the Constitutional and Statutory rights that I must be afforded when it comes down to "motion practice", which again I have never received from the Courts in the Bronx County Supreme Court.

Therefore, I received an Order from Judge Taylor Swain on about March 5, 2020 saying that the Court has contacted you and that you can provide me ... "...with the information he seeks", which is a copy of Judge Massero's decision from the CPL 440.30 motion that you had filed on my behalf in October of 2012.

Ms. Hoth, enclosed is a copy of your letters that you had sent to me on March 19, 2018 and May 3, 2018, telling me the name of the Judge [Massero] who's Court some how lost my CPL 440.30 motion that you had filed on my behalf which was one of the reasons why you did not want to "refile" said CPL 440.30 motion on my behalf. And the third letter enclosed is a copy of the February 14, 2020 letter that I had wrote to Judge Taylor Swain so you can see why the Court reached out to you. Again, my concern is that in all of these years that I have waited for the Courts to respond to both said CPL 440.30 motions. I have never received a response from the Courts. Especially after I had filed said pro se CPL 440.30 asking as a matter of case law for the Bronx Borough Property Clerk's Office to look for a second time for the lost DNA evidence in my 1983 case. (Please see, People v. Newton, 30 Misc. 3d 1204(A),(2010), Newton v. City of New York, 779 F3d 140, (2015) and Newton v. City of New York, 171 F. Supp. 3d 156, (2016).

Ms. Hoth, in closing do you have any decision from the Court in reference to the CPL 440.30 motion that you had filed on my behalf in October of 2012? Thanking you in advance for any information that you can send me.

Sincerely,

*William Allen*

William Allen.

cc: Hon. Laura Taylor Swain, USDCSD

wa

# CENTER FOR APPELLATE LITIGATION

120 Wall Street, 28ᵗʰ Floor, New York, NY 10005 Tel. (212) 577-2523 Fax (212) 577-2535

April 1, 2020

Mr. William Allen
03-A-4303
Sullivan Correctional Facility
P.O. Box 116
Fallsburg, New York 12733-0116

Dear Mr. Allen:

I hope that this letter finds you well despite the state of crisis we find ourselves in. I am not sure that I understand your confusion, but let me try and explain to you again what happened.

As you say, in October 2012, I filed a motion seeking DNA testing of the evidence in your case. That motion was before Judge Massero in the Bronx. In response to the motion, the district attorney contacted the police and asked them to find the evidence. The district attorney then asked the court to remove the motion from its calendar because they did not want to have to appear before the judge and keep asking for extensions to file a response to my motion. The case was removed from the court's calendar.

Five years later, the district attorney sent me an affidavit from the police swearing that they had diligently searched for the evidence and it was hopelessly lost. I sent you a copy of that affidavit.

They also informed me that the court had lost the file. Without that file the case could not be restored to the court's calendar.

As I explained to you back in 2018, to get the case restored to the court's calendar I needed to re-file the motion. But, as I further explained, the affidavit that the police had submitted guaranteed that we would lose any motion that I filed. They cannot test evidence that they cannot find. Therefore, I explained that I would NOT be refiling the motion.

What I did not make clear is that my decision to not re-file the motion meant that the case was over. There would be no formal written response from the district attorney and there would be no decision from the court. I am not sure my office would have authorized me to go forward had you demanded that we do so, but I thought you understood what I was and was not doing and why.

Although this is no excuse, I took your silence to mean that you understood

Mr. William Allen                                                    April 1, 2020
Page – 2 –

that the motion was over and thus, assumed that I had explained it all. Whenever I was contacted about your "motion," I believed that I was being asking about your pro se motion that you filed yourself in 2018 and thus, had nothing to say.

Again, the bottom line is that there is no decision from the court on the motion that I filed. Nor will there ever be.

I hope that I have fully explained what happened but do not hesitate to reach out of you have further questions.

Sincerely,

Jan Hoth
Appellate Counsel

August 11, 2020

Mr. William M. Allen., #03A4303
Sullivan Correctional Facility
P.O. Box 116, Loc. AN/236
Fallsburg, New York 12733-0116

Jan Hoth, Esq.
Center for Appellate Litigation
120 Wall Street — 28th Floor
New York, NY 10005

Re: People v. William Allen
    Ind. No. 623/1983

Dear Ms. Hoth:

I hope that all is well with you during this pandemic. Since so much has been going on with the coronavirus these past few months within this facility, as well as the housing unit (A-North) that I am housed on, which approximately ten cells are used as quarantine cells for those inmates within this facility that may test positive for the coronavirus, etc. So, between late April of this year until July 31, 2020 there has been four (4) major Islamic Holidays that I have observed because I am a practicing muslim, i.e. Ramadan, Shawwal, Eid-ul Fitr and Eid-ul Adha. Therefore, and for the most part these are some of the reasons why I was not able to respond to your April 1, 2020 letter as quickly as I would have liked to, but never the less this is the purpose for this response letter.

Ms. Hoth, everything you explained to me back in 2018 as to why you had decided not to "re-file" the CPL 440.30 motion on my behalf once you finally received " ... from the district attorney the affidavit." I completely understand what you said to me about everything as to why you refused to re-file said motion and if there was ever anything that you said or did in relation to my

situation so far as the CPL 440.30 motion that you had filed on my behalf that I did not understand or was not clear about I would have asked you.

What I respectfully disagree with you about is in your April 1, 2020 letter you said that " what I did not make clear is that my decision to not re-file the motion meant that the case was over. There would be no formal written response from the district attorney and there would be no decision from the court..." , yes I clearly understand there was never going to be any response from the district attorney's office or the court in relation to said CPL 440.30 motion that you filed in October of 2012.

The reason why I disagree with your statement is because when I re-filed "the motion" pro se on July 25, 2018 the district attorney's office responded to said motion on December 28, 2018 with their "Affirmation In Opposition". And, as I explained in my March 16, 2020 letter to you in the case of [People v. Newton, 30 Misc. 3d 1204(A), (2010), Newton v. City of New York, 779 F3d 140, (2015) and Newton v. City of New York, 171 F. Supp. 3d 156, (2016)]. This case was in the Bronx County where the property clerk's office where as you said "... had diligently searched for the evidence [DNA] and it was hopelessly lost..." Newton's lawyer re-filed their CPL 440 motion and the court granted their motion and had the property clerk's office look for a second time and said property clerk's found the lost DNA evidence. Therefore, the Newton Court gives me a legal right to re-file my CPL 440.30 motion. Now, if I have read the "Newton" case wrong then please let me know.

Ms. Hoth, the problem that I have is the Bronx Borough Property Clerk's Office had only looked one (1) day (May 28, 2013) for said DNA evidence, therefore, I just can't say their search was "dilgent" as the Newton Court has proved that said Bronx Borough Property Clerk's Office has a very long and bad history when it comes down to storing and finding stored DNA evidence, ex., it took them five (5) years to send an affidavit when, again they only looked for said DNA evidence "one day". To me you appeared to have faith and was satisfied (um letter) that the Bronx Borough Property Clerk's office had did a diligent job in searching for said requested DNA evidence and I did not because for the reasons that I have always stated to you as well as the Newton cases that I had sent you.

(2)

Also, the court losing my file because the District Attorney's Office was allowed to remove my motion from the calendar was not only careless, but denied me my constitutional rights of due process and equal protection under any and all applicable laws when it comes down to motion practice. It's a fact that the courts as well as the District Attorney's Office refused to protect my rights as Officers of the Court, therefore, I do not agree that for five (5) years they were able to get away with what was done to me when it comes down to the CPL 440.30 motion that you filed on my behalf. Then on top of all of these constitutional violations, "... the case was over. There would be no formal written response from the district attorney and there would be no written decision from the court." But, one thing you never said and that was that I did not have a right to re-file my CPL 440.30 motion. You said that you refused to re-file said motion and this is why I re-file said motion pro se and the Bronx County Supreme Court Judge Shawndya L. Simpson still refuses to respond with no decision at all which I understand is not your problem.

In closing, I would like to say that I am not nor have I ever been confused about anything you have done or said to me about the CPL 440.30 motion that you had filed on my behalf, and I have never used the word to you that I was confused. I fully understood what you did in relation to said CPL 440 motion, but there were a number of things that I totally disagreed with. One in particular your not re-filing said motion.

So far as my pro se motion you have absolutely nothing to do with but when Judge Taylor Swain ordered me to get in contact with you on behalf of said 440 motion that you had filed on my behalf even though you had already told me that there was no written decision from the court which again I understood. I must obey and react to said order. Thank you for your response to my March 16, 2020 letter.

Sincerely,
William M. Allen
William M. Allen

cc: Hon. Laura Taylor Swain, USDCSD
   wma

(3)

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _____   ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

1. Article Addressed to:

Clerk Office
Supreme Court
Bronx County
851 Grand Concourse
Bronx, New York   10451

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

9590 9402 4942 9063 2777 97

2. Article Number (Transfer from service label)

7019 0160 0000 8006 4402

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          *HN137*          Domestic Return Receipt

* Please Look on the back of this page ———➔



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
MAR 2 2020

Postage
$                                    3.40
Total Postage and Fees
$                                    9.80

Sent To      Clerk Office Supreme Court BX Cty
Street and Apt. No., or PO Box No.
                              851 Grand Concourse
City, State, ZIP+4®
                       Bronx, New York   10451

PS Form 3800, April 2015  PSN 7530-02-000-9047    See Reverse for Instructions

March 16, 2020

Mr. William Allen, #03A4303
Sullivan Correctional Facility
P.O. Box 116, Loc. AN/137
Fallsburg, New York  12733-0116


Clerk's Office
Supreme Court
Bronx County
851 Grand Concourse
Bronx, New York  10451

                                   Re:    <u>People v. William Allen</u>.
                                           Ind. No. 623/1983


Sir/Madam:

       On July 25, 2018 I had filed a pro se CPL 440.30(1-a)(a)(2) and CPL 440.10 (1)(g-1) motion directing that DNA testing be performed on evidence previously obtained in defendant's 1983 case. Please note that said motion was filed in your office [please see enclosed copies of the July 25, 2018 cover letter that I had sent to your office with said CPL 440.30 and CPL 440.10 motion, as well as a copy of the Certified Mail Receipt to your office dated July 27, 2018]. And, on December 28, 2018 a copy of the Affirmation In opposition for my CPL 440.30 (1-a)(a)(2) motion from T. Charles Won Assistant District Attorney in the office of Darcel D. Clark, District Attorney of Bronx County. (Please see enclosed copy of said Affirmation In Opposition, dated December 28, 2018). Which was filed in Judge Simpson's Court.

       I have never to this day received any response and or decision for my CPL 440.30(1-a)(a)(2) motion from anyone whether it was from the Courtroom/ and or the Chambers of the Honorable Shawndya L. Simpson [who is the Judge that said CPL 440.30(1-a)(a)(2) is in front of]. Nor, did I receive any response and or decision of Judge Simpson's ruling on said CPL 440.30 motion from your office which is [the Clerk Office Supreme Court Bronx County].

This pro se defendant has in the past made it respectfully clear to Judge Simpson's Court that said pro se defendant has a federal habeas corpus petition under USC Section 2254 in the Southern District of the United States District Court in New York County being presently held in abeyance for a number of years now. And, that this defendant wanted to know if Judge Simpson had rendered a decision on my CPL 440.30 motion. Defendant had never received a response from Judge Simpson's Court, [please see enclosed letter to Judge Simpson dated August 25, 2019 with a copy of the Certified Mail Receipt and green card].

Defendant has recently been Ordered by the Hon. Laura Taylor Swain the United States District Judge who is presently holding my federal habeas corpus in abeyance to contact your office. Judge Taylor Swain's Court has been in contact with your office inquiring about the status of my CPL 440.30 motion and was informed by your office that a decision was issued with respect to a "September 2018 motion in December 2018". It is my understanding from Judge Taylor Swain's Order that your office is saying that I filed a motion with your office in September 2018, [please also see enclosed Order from Judge Taylor Swain of the USDC dated Febuary 28, 2020].

I would respectfully like to say that I never filed any motion in September 2018, nor did I receive any decision in December 2018. The only motion that I have filed with your office was said CPL 440.30 motion on July 25, 2018 and the only response that I received was ADA T. Charles Won said Affirmation In Opposition dated December 28, 2018, which I received and signed for in the "inmate legal mail log book" on or about January 2, 2019. And, the only mail that was sent to me in September 2018 in relation to said CPL 440.30 motion was a letter from ADA Waleska Suero Garcia to Judge Shawndya Simpson, requesting an extension of time to respond to defendant's CPL 440.30 motion, (please see enclosed letter #1 dated September 12, 2018).

Also, enclosed are a number of letters requesting for an extension of time to respond to defendant's said CPL 440.30 motion from ADA Waleska Suero Garcia letter #2 dated September 12, 2018, letter #3 dated October 31, 2018 from ADA Waleska Suero Garcia, letter #4 dated November 9, 2018 from ADA Waleska Suero Garcia, and letter #5 dated December 12, 2018 from ADA T. Charles Won. Again this Pro Se defendant has never received any decision or signed for in the inmate legal mail log book from the Honorable Shawndya Simpson's Court or the Clerk's Office in the Bronx County in December 2018, or anytime after December 2018.

And, with all due respect to the Clerk's Office if there has been a decision rendered on this defendant's pro se CPL 440.30 motion by Judge Simpson then I am making a respectful request for a copy of said decision. In closing, if there is a decision from Judge Simpson said decision must afford me my legal and constitutional right to file a timely notice of appeal of any decision to the Appellate Division First Department and to the New York State Court of Appeals if need be. Sir/Madam, thanking you in advance for any help that your office can extend to me as well as your kind indulgence within this matter.

Respectfully submitted,

*William Allen*

William Allen, Defendant
Pro se

cc: Hon. Laura Taylor Swain, USDCSD

   wa

(3)

To: The Inmate Record Coordinator

From: William Allen, #03A4303, Loc. AN/137

Subject: Legal Mail Log Book

Date: March 13, 2020

I would like a copy of my signing for any legal mail received by this facility from the Bronx County Supreme Court in December of 2018 and I would also like a copy of my signing for legal mail from the office of the District Attorney Bronx County on January 2, 2019, which I did receive and signed for.

I am making this respectful request under the Freedom of Information Law (FOIL), I need these copies to send to the Courts, Federal and State as soon as possible. Enclosed is a signed disbursement form for copies which should only be no more than one or two pages. Thanking you in advance for your kind indulgence within this matter.

Respectfully,

cc: Hon. Laura Taylor Swain, USDCSD
    wa



**NEW YORK STATE** | Corrections and Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

March 26, 2020

William Allen, 03A4303
AN-236

    **Re:   FOIL Log No. SUL-0145-20**

Dear Mr. Allen:

This is in response to your New York State Freedom of Information Law request for Legal Mail logbook for December 2018 and January 2, 2019 showing legal mail received by the Bronx County Supreme court and Bronx County District Attorney's Office, respectively.

We have **two (2)** pages of records available. Please provide payment in the amount of **$.50** covering the $.25 per page photocopying fee, and the requested documentation will be forwarded to you.

Once payment is received, redactions will be made pursuant to the following exemptions under the Public Officers Law:

- §87(2)(b) & §89(2) if disclosed would constitute an invasion of personal privacy.

                            Regards,

                            *Tanya Pomeroy*

                            Tanya Pomeroy
                            Inmate Records Coordinator II/FOIL Officer
                            Sullivan Correctional Facility

CC:    FOIL Records

**03/30/2020:** Payment has been processed and requested documentation is attached.

---

If you do not agree with any part of this decision, you may appeal by writing the Office of the Counsel & FOIL Appeals Officer, NYS Department of Corrections and Community Supervision, The Harriman State Campus, 1220 Washington Avenue, Albany, New York, 12226-2050.

In appeal correspondence, please clearly note your name, DIN number, facility from which records were requested, and the FOIL Log Number provided.

96

Friday 12·14·18



Monday 12-17-18

Allen 03A4303 ADA' TCWon Bronx Cnty

104

BN    Monday 12-31-18

CAR

DN

EN

HOSP

SHU

12/31/18  X co N-N

WEDNESDAY 1-2-19

AN
Allen 03AY305  DA Bronx Cnty    in ARL
AS

BN



OFFICE OF THE DISTRICT ATTORNEY
BRONX COUNTY
BRONX, N.Y. 10451

ADA T. Charles Won



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 10451 $ 000.47⁰
02 4W
0000357522 DEC. 13. 2018.

William Allen, # 03-A-4303
Sullivan Correctional Facility
325 Riverside Drive
P.O. Box 116
Fallsburg, New York 12733-0116

12733$0116 B001



# OFFICE OF THE DISTRICT ATTORNEY, Bronx County

**DARCEL D. CLARK**
*District Attorney*

198 East 161st Street
Bronx, New York 10451

(718) 838-7097
Fax 590-6523

December 12, 2018

Chambers of the Honorable Shawndya L. Simpson
Supreme Court, Bronx County
Bronx County Hall of Justice
265 E. 161st Street
Bronx, New York 10451

Re:     People v. William Allen
        Indictment Number 623/83

Your Honor:

The defendant in the above-referenced case has filed a pro se CPL § 440.30(1-a) motion. The People's response is due by December 14, 2018. I respectfully request a two-week adjournment to December 28, 2018, to file our response.

Due to my previously assigned work and responsibilities, I have not had sufficient time to review the case file to prepare a proper response to the CPL § 440.30(1-a) motion.

I have not spoken to the incarcerated pro se defendant regarding this extension.

Thank you for your time and consideration.

Respectfully,

Assistant District Attorney T. Charles Won

cc:     William Allen, # 03-A-4303
        Sullivan Correctional Facility
        325 Riverside Drive
        P.O. Box 116
        Fallsburg, New York 12733-0116



Feburary 26, 2019

Mr. William M. Allen, #03A4303
Sullivan Correctional Facility
P.O. Box 116, Loc. AN-235
Fallsburg, NY 12733-0116

United States District Court
Hon. Laura Taylor Swain
United States Courthouse
500 Pearl Street
New York, New York 10007

## MEMO ENDORSED

Re: Allen v. Walsh
09-CV-5832 LTS

Petitioner's Status Report

Dear Judge Taylor Swain:

Since my last update status report to you on September 24, 2018, the Bronx County District Attorney's Office asked the Hon. Shawndya for an adjournment on October 31, 2018 and on November 9, 2018, enclosed are copies of these two letters.

Then on December 28, 2018 Assistant District Attorney T. Charles Won from the office of Darcel D. Clark, District Attorney of Bronx County submitted an affirmation in opposition to this petitioner's pro se application, pursuant to CPL Sec. 440.30 (1-a), seeking DNA testing to Judge Simpson. Enclosed is a copy of ADA Won Affirmation In Opposition with Exhibits.

Therefore, petitioner is waiting for the ruling from Judge Simpson on petitioner's _pro se_ application, pursuant to CPL Sec. 440.30(1-a) seeking DNA testing and ADA Won Affirmation In Opposition.

Whereupon, petitioner is proceeding pro se it is respectfully requested that I be afforded "liberal construction" upon the proceedings and not be held to the same standards as that of a licensed and practicing attorney, and that my updated status report be liberally read and interpreted to raise the strongest arguments they suggest pursuant to the authority of Burgos v. Hopkins, 14 F. 3d 787, 790 [2nd Cir. 1994] (according, Elliot v. Brosom, 872 F. 2d 20, 21-22 [2nd Cir. 1989]); also, see: Haines v. Kerner, 404 U.S. 519 (1972).

Respectfully submitted,

_William M. Allen_
William M. Allen Pro Se

The petition will continue to be
held in abeyance pending the
next status report, which must
be filed by September 1, 2019.

SO ORDERED:

_3/8/19_
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE.

August 25, 2019

Mr. William M. Allen, Jr., #03A4303
Sullivan Correctional Facility
P.O. Box 116, Loc. AN/137
Fallsburg, NY  12733-0116

United States District Court
Hon. Laura Taylor Swain
United States Courthouse
500 Pearl Street
New York, New York  10007

Re:  Allen v. Walsh
     09-CV-5832 LTS

Petitioner's Status Report

Dear Judge Taylor Swain:

Since petitioner's last update status report to your Honor on February
26, 2019, the Honorable Shawndya L. Simpson in the County of the Bronx to this
petitioner's knowledge has not responded to petitioner's CPL Section 440.30
(1-a) DNA motion that petitioner filed in Judge Simpson's Court on or about
July 25, 2018.  Nor has Judge Simpson to petitioner's knowledge responded to
ADA T. Charles Won's Affirmation In Opposition: in response to this petitioner's
said pro se motion, which was submitted by ADA T. Charles Won on December 28,
2018.

Therefore, petitioner has sent a letter to Judge Simpson on August 25, 2019
respectfully asking for the status of petitioner's pro se CPL Section 440.30
(1-a) motion and ADA T. Charles Won Affirmation In Opposition, enclosed is a

1

copy of said August 25, 2019 letter to Judge Simpson.  Your Honor, petitioner
USC 2254 (Federal Habeas Corpus Petition) has been held in abeyance in your
Honor's Court since June of 2010 (i.e., petitioner's case was transferred from
the Honorable Robert P. Patterson Court to your Honor's Court on April 14,
2015).  And since that time (over nine years being held in abeyance) petitioner
has had one CPL Section 440.10 hearing in New York County on October 18, 2011,
therefore, receiving Judge Arlene Goldberg's decision on said CPL Section 440
hearing in March of 2012.  Which petitioner will also be incorporating Judge
Goldberg's decision within petitioner's "2254" once this petitioner has peti-
tioner's CPL Section 440.30 (1-a) motion rights exhausted by all applicable laws
within the New York City and New York State Courts.

Judge Taylor Swain petitioner's question to you and or your Honor is this,
is there any legal way [i.e., case or statutory laws] that you and or your Honor
could hold the New York State Lower Court [i.e., New York State Bronx County
Supreme Court] liable for taking almost seven (7) years to respond and complete
a thorough course of finding the DNA evidence that this petitioner has been
requesting since October 24, 2012.  Plus, the Bronx County Supreme Court has
continue to allow the Bronx County District Attorney's Office to take over five
(5) years to response to petitioner's original CPL Section 440.30 (1-a) motion
that was filed in the Bronx County Supreme Court by petitioner's then defense
counslor Ms. Jan Hoth, Esq. on October 24, 2012.

Then finally receiving an affidavit from Sgt. Ralph Charles of the Bk. Borough
Property Clerk's Office in Mid March of 2018.  It seems like their office re-
fused to send this information of not being able to find or locate the requested
DNA evidence that was used to convict this petitioner back in 1983 & 1989 (this
petitioner had his conviction reversed from the New York State Appellate Divi-
sion First Judicial Department back in 1988). Sergeant Charles looked for said
requested DNA evidence on May 28, 2013 but refused to notify the Bronx County
District Attorney's Office over five (5) years when it only took their office (Sgt.
Charles) a few days to come to this conclusion that the Bronx Borough Property
Clerk's Office, again could not find said requested DNA evidence.

Your Honor, no one from the lower New York State Court [i.e., Bronx County
Supreme Court, the Bronx County District Attorney's Office or the Bronx Borough

2

Property Clerk's Office] is being held accountable for denying this petitioner my constitutional rights of due process and equal protection under any and all laws that would apply to the cruel and unusual actions that this petitioner has been subjected to by the New York State Judicial system. Therefore, if there is such a law(s) [case or statutory] petitioner is respectfully requesting legal intervention from your Honor's Court to help petitioner find out why has it taken so many years for the Bronx County District Attorney's Office or even the Bronx County Supreme Court to allow this kind of Negligence by the Bronx Borough Property Clerk's Office.

Judge Taylor Swain, it would be truly respected and very deeply appreciated for your help within this matter because without this petitioner being able to finalize petitioner's CPL Section 440.30(1-a) motion petitioner will not be able to complete and preserve the legal issues of my defense within said "USC 2254" as a matter of law and rights in relation to petitioner's New York State direct appeal which is the bases of petitioner's "USC 2254". In other words petitioner's "USC 2254" is based totally on petitioner's arguments from his New York State direct appeals in the Lower and Appellate Courts as well as the New York State of Appeals.

Whereupon, petitioner is proceeding pro se it is respectfully requested that I be afforded "liberal construction" upon the proceedings and not be held to the same standards as that of a licensed and practicing attorney, and that my updated status report be liberally read and interpreted to raise the strong-est arguments they suggest pursuant to the authority of Burgos v. Hopkins, 14 F. 3d 787, 790 [2nd Cir. 1994] (according, Elliot v. Brosom, 872 F.2d 20, 21-22 2nd Cir. 1989]); also, see: Haines v. Kerner, 404 U.S. 519 (1972).

Respectfully submitted,

William M. Allen, Jr. pro se

3

August 25, 2019

Mr. William M. Allen, Jr. #03A4303
Sullivan Correctional Facility
P.O. Box 116, Loc. AN/137
Fallsburg, NY  12733-0116


Chambers of the Honorable Shawndya L. Simpson
Supreme Court, Bronx County
Bronx County Hall of Justice
265 E. 161st Street
Bronx, New York  10451


Re:  People v. William Allen
Indictment Number 623/83

Your Honor,

On July 25, 2018 this defendant filed a pro se CPL Section 440.30 (1-a) motion and on or about December 28, 2018 Assistant District Attorney T. Charles Won filed a response (Affirmation In Opposition) to said pro se motion. To this day defendant has not received your Honor's decision in reference to defendant's pro se CPL Section 440.30 (1-a) motion and ADA T. Charles Won Affirmation In Opposition motion. Judge Simpson, defendant is making this respectful request for the following reasons:

1. Defendant has a Federal Habeas Corpus petition under USC Section 2254 in the Southern District of the United States District Court in New York County. Said "2254" has been held in abeyance since June of 2010, which is based completely on this defendant's direct appeals from the New York State Courts, [i.e. lower Courts in New York County, Appellate Division First Judicial Department and New York State Court of Appeals].

2.  In October of 2012 defendant's court appointed attorney (Jan Hoth, Esq.)
    had filed a CPL Section 440.30 (1-a) motion on defendant's behalf and it
    took the office of the District Attorney Bronx County [i.e. ADA T. Charles
    Won] over five (5) years to notify this defendant through defense counsel
    that said requested DNA evidence to be retested was lost or could not be
    found.  Which Sgt. Ralph Charles of the Bronx Borough Property Clerk's
    Office had already came to this conclusion approximately seven (7) months
    after the initial filing of defendant's CPL Section 440.30 (1-a) in October
    of 2012.

3.  Your Honor, it has been over nine (9) years since this defendant's Federal
    Habeas Corpus has been held in abeyance and during that time defendant has
    filed a pro se CPL Section 440.10 motion and was granted a CPL Section 440.
    10 hearing on October 18, 2011 in New York County Supreme Court, 111 Centre
    St., therefore, receiving my decision from the hearing Judge [ The Honorable Arlene
    D. Goldberg] in March of 2012.

    Therefore, defendant is making a respectful inquiry as to the status of
defendant's pro se CPL Section 440.30 (1-a) motion so I will know what to tell
my federal Judge (The Honorable Laura Taylor Swain) who is presiding over this
defendant's "Memo Endorsed September 1, 2019 Update Status Report".  Judge
Simpson, your help as to informing this defendant of said status would be truly
respected and very deeply appreciated.

                                        Respectfully,

                                        *William M. Allen, Jr.*
                                        William M. Allen, Jr. Pro se
                                        Defendant


cc: Honorable Laura Taylor Swain, USDCSD
    wmajr